UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

DARA C. PLESKOVICH,

Debtor.
_____/

JOHN GILLESPIE and
VIRGINIA GILLESPIE,

Plaintiffs,

vs.

DARA C. PLESKOVICH,

Defendant.
_____/

Case No. 6:04-bk-03336-ABB
Chapter 7

Adv. Pro. No. 6:04-ap-00114-ABB

## MEMORANDUM OPINION

This matter came before the Court on the Complaint to Determine Dischargeability of Debt ("Complaint")[1] filed by John Gillespie and Virginia Gillespie, the Plaintiffs herein (collectively, the "Plaintiffs"), against Dara C. Pleskovich, the Defendant and Debtor herein (the "Debtor"). The Plaintiffs seek to have a debt deemed nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).[2] An evidentiary hearing was held on May 9, 2006. The Plaintiffs, counsel for the Plaintiffs, and counsel for the Debtor appeared at the hearing.[3] The Court makes the following Findings of Fact and

---

[1] Doc. No. 1.
[2] The Plaintiff's Complaint contains no citation to any provision of the Bankruptcy Code. It appears Plaintiffs base their Complaint on 11 U.S.C. § 523(a)(2)(A). This action is being treated as having been brought pursuant to 11 U.S.C. § 523(a)(2)(A). The Complaint shall be considered amended to conform to the evidence pursuant to Federal Rule of Civil Procedure 15(b).
[3] Counsel for the Debtor filed a Motion to Withdraw as Counsel for Defendant (Doc. No. 30), which was granted in open Court at the trial. An Order was entered on May 12, 2006 (Doc. No. 38). Counsel attempted to contact the Debtor prior to trial, but was unsuccessful. Counsel was present and represented the Debtor's interests during the trial.

Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

## FINDINGS OF FACT

The Plaintiffs and the Debtor executed a Purchaser's Agreement on September 30, 2002 ("Agreement") pursuant to which the Plaintiffs agreed to buy and the Debtor agreed to sell a mobile home with serial numbers 8U620188LA and 8U620188LB located at 3237 Sunbeam Court, Kissimmee, Florida (the "Property") for $40,000.00.[4] Debtor held herself out as the owner of the Property. The Plaintiffs made a down payment of $4,265.00, paid closing costs of $785.50, and executed a Promissory Note in favor of the Debtor for the balance of $38,385.00. The Promissory Note required the Debtors to make monthly payments of $362.66 to the Debtor. The Agreement provided the Debtor would execute and deliver to the Plaintiffs a warranty deed conveying the Property upon payment of all amounts due. The Debtors were obligated to make monthly payments of $337.00 to Schoolfield Properties, the holder of the ground lease.

The Plaintiffs inspected the Property prior to moving in and saw no defects. They relied upon the Debtor's representations the Property was in good condition and a previous leak in the ceiling had been fully repaired. It became apparent approximately nine months after the Plaintiffs moved in the Property had several defects including leaks in the roof and walls and resulting mildew and mold. The Debtor had attempted to conceal the leaks with paint and intentionally failed to disclose the defects. The defects negatively affected the value of the Property.

The Plaintiffs made demands on the Debtor to cure the defects or refund all monies paid by them. The Debtor's insurance carrier inspected the Property and determined the

---

[4] Plaintiffs' Exh. No. 1 (Doc. No. 37).

defects were latent and not the result of a sudden and direct damage to the roof.[5] The carrier refused to pay for any repairs. The Debtor refused to make repairs or refund the monies paid. The Property became uninhabitable and the Plaintiffs and their children were forced to vacate the Property. The Plaintiffs never obtained title to the Property and they discovered the Debtor never owned the Property.

The Debtor filed a voluntary individual Chapter 7 bankruptcy on March 25, 2004. The Debtor lists the Plaintiffs in Schedule F as holding an unsecured undisputed claim in the amount of $0.00. The Debtor fails to describe the basis of the claim or why it is listed at $0.00. The Plaintiffs contend they are owed $9,042.66 by the Debtor representing the down payment, closing costs, and $3,992.66 paid to the Debtor over eleven months pursuant to the Promissory Note.[6] They instituted this adversary proceeding against the Debtor contending such debt is nondischargeable because it arises from false representations or actual fraud committed by the Debtor. The Debtor was properly served with the Complaint and Summons (Doc. No. 11) and notice of the final evidentiary hearing. The Debtor did not file an answer, participate in discovery, or appear for trial.

The Debtor made false representations to the Plaintiffs at the time the parties were negotiating the Agreement. She falsely represented she owned the Property and the Property was in good condition with no defects. She knew, however, the roof and walls leaked and attempted to conceal the defects. She knew she did not hold title to the Property. The Debtor made the false representations to the Plaintiffs with the intent to deceive them and induce them to execute the Agreement. The Plaintiffs relied on the Debtor's misrepresentations and executed the Agreement. Their reliance was justified.

---

[5] Debtor's Exh. No. 1 (Doc. No. 36).
[6] Plaintiffs' Exh. No. 2 (Doc. No. 37).

3

The Plaintiffs sustained monetary damages in the amount of $6,050.00 as a result of the Debtor's misrepresentations. The amount of $6,050.00 includes the down payment of $4,265, closing costs of $785.00, and attorney's fees of $1,000.00. The Debtor's are not entitled to rental payments as damages because they received a benefit (occupancy of the Property) in exchange for the rental payments.

The Debtor acted with the actual intent to defraud the Plaintiffs. The debt of $6,050.00 owed to the Plaintiffs is nondischargeable.

## **CONCLUSIONS OF LAW**

The Plaintiffs challenge the dischargeability of the debt pursuant to 11 U.S.C. § 523(a)(2)(A). The party objecting to a debtor's discharge or the dischargeability of a debt carries the burden of proof and the standard of proof is preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991); Fed. R. Bankr. P. 4005 (2005).

A chapter 7 discharge does not discharge an individual debtor from a debt to the extent such debt is obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. §523(a)(2)(A) (2005). To establish fraud pursuant to §523(a)(2)(A), courts have generally required a plaintiff to establish the traditional elements of common law fraud. A plaintiff must prove the following elements: (i) the debtor made a false representation to deceive the creditor; (ii) the creditor relied on the misrepresentation; (iii) the reliance was justified; and (iv) the creditor sustained a loss as a result of the misrepresentation. SEC v. Bilzerian (In re Bilzerian), 153 F.3d 1278, 1281 (11th Cir. 1998).

The Plaintiffs have established the elements of fraud. The Debtor falsely represented to the Plaintiffs when they were negotiating the Agreement she owned the Property and the Property was in good condition with no defects. She knew the roof and walls leaked and attempted to conceal those defects from the Plaintiffs. She knew she did not hold title to the Property. The Debtor made the false representations to the Plaintiffs with the intent to deceive them and induce them to execute the Agreement. The Plaintiffs relied on the Debtor's misrepresentations and executed the Agreement. Their reliance on the Debtor's statements was justified. The Plaintiffs sustained monetary damages in the amount of $6,050.00 as a direct result of the Debtor's misrepresentations.

The Plaintiffs have established the elements for nondischargeability pursuant to 11 U.S.C. § 523(a)(2)(A). Their debt of $6,050.00 arose through the actual fraud committed by the Debtor and is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

A separate judgment in favor of the Plaintiffs and against the Debtor consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 30 day of October, 2006.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge